UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AARON BURROW, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Civil Case No. 3:17-CV-2411-G-BK |
| | § | |
| J MERCER COMPANY, LLC, | § | |
|     Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to *Special Order 3*, this cause is before the Court on Plaintiff's *Motion for Remand to State Court*, Doc. 9. For the reasons that follow, the motion should be **DENIED**.[1]

Plaintiff filed a petition in state court against Defendant for violation of 42 U.S.C. § 1981a and retaliation pursuant to Title VII of the Civil Rights Act, alleging that Defendant wrongfully terminated him after Plaintiff's wife filed a charge of discrimination against Jeremy Mercer, a vice president of Defendant. Doc. 1-2 at 2-3.

Defendant timely removed the case to this Court based on federal question jurisdiction. Doc. 1 at 2. Plaintiff has moved to remand the case to state court, arguing that Defendant failed to properly comply with N.D. Tex. Local Rule 81.1(4) because it did not include all documents from the state court proceedings or a true and correct copy of the state court's docket sheet. Doc. 9 at 2. Plaintiff also contends that Defendant has not served any documents on him as required

---

[1] The Court of Appeals for the Fifth Circuit recently decided that a remand motion is case dispositive such that a magistrate judge must make a recommendation to the district court. *Davidson v. Georgia-Pacific, LLC*, 819 F.3d 758, 764-65 (5th Cir. 2016).

by Rule 5 of the Federal Rules of Civil Procedure, and Plaintiff has not consented to electronic service.² Doc. 9 at 2.

Defendant accurately notes that Plaintiff has not identified any state court documents that were not included with its removal notice. Doc. 13. Defendant also has filed a complete copy of the docket sheet in the state action and avers that it mailed to Plaintiff's at his residence address the notice of removal and all related documents. Doc. 13 at 2; Doc. 13-2 at 1.

A defendant may remove a civil action from state court to federal court if the action originally could have been brought in federal court. 28 U.S.C. § 1441(a). As relevant here, a federal district court has original jurisdiction of an action that arises under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. The removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists. *St. Paul Reinsurance Co. Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). In this case, the Court clearly has subject matter jurisdiction over this action because Plaintiff has sued for violation of federal statutory law. As such, Plaintiff's *Motion to Remand* should be **DENIED**.

**SO RECOMMENDED** on November 7, 2017.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

² Plaintiff also claims that one of Defendant's attorneys of record, Katherine Beaird, was suspended by the Texas State Bar. Doc. 9 at 1. As Defendant notes, Beaird was temporarily suspended from practice because she did not timely pay her bar dues, but that situation was rectified and she, thus, is eligible to practice before this Court. Doc. 13 at 2; Doc. 13-1 at 1-2 (Beaird affidavit) & Exhibit 1 (State Bar of Texas notice of eligibility).

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE